11-1680-cv
Harrow v. St. Luke's Cornwall Hospital

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of June, two thousand twelve.

PRESENT:
        RALPH K. WINTER,
        DENNY CHIN,
        CHRISTOPHER F. DRONEY,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

DOLORES HARROW,
                Plaintiff-Appellant,

        -v.-                                        11-1680-cv

ST. LUKE'S CORNWALL HOSPITAL,
                Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        STEPHEN BERGSTEIN, Bergstein &
                                Ullrich, LLP, Chester, New York
                                (Christopher D. Watkins, Sussman &
                                Watkins, Goshen, New York, on the
                                brief).

FOR DEFENDANT-APPELLEE:         JOHN KEIL (Adam Michael Harris, on
                                the brief), Collazo Florentino &
                                Keil LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

Plaintiff-appellant Dolores Harrow appeals from the district court's judgment of March 29, 2011. Judgment was entered pursuant to the district court's decision of March 28, 2011, granting summary judgment in favor of defendant St. Luke's Cornwall Hospital (the "Hospital") and dismissing Harrow's claims under Title VII of the Civil Rights Act of 1964 (codified as amended in 42 U.S.C. §§ 2000e to 2000e-17), 42 U.S.C. § 1981, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290, 296.

We review the award of summary judgment de novo. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010). We have reviewed the record and proceedings below, and we affirm for substantially the reasons set forth by the district court in its thorough and carefully-considered decision.

We assume the parties' familiarity with the facts and procedural history of the case and the issues presented for review. Construed in the light most favorable to Harrow, see Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 603 (2d Cir. 2006), the facts before the district court below were as follows:

On June 4, 2008, Harrow was involved in an incident with a patient, which resulted in a complaint about Harrow from the patient's family. Directly following this incident, the patient's husband -- outside of Harrow's hearing -- made a racist remark about Harrow. Harrow's employment was terminated on June 9, 2008. Although this complaint was a precipitating factor in her discharge, Harrow had a long prior history of disciplinary problems. The Hospital received over a dozen patient complaints about her from 2001 to 2008, including six in 2007 and 2008. The Hospital attempted to address these and other performance

-2-

problems. For example, the Hospital verbally counseled Harrow after receiving multiple complaints about her interactions with patients; removed a patient from her care after she handled the patient roughly; issued a written warning for her refusal to bring a patient coffee; suspended her from the remainder of her shift and issued a written warning for her extensive absences and disruptive behavior; and issued yet another written warning for a comment, made in front of a doctor, that "orthopedic patients are too much work" and that the orthopedic floor was "too heavy." Harrow has not argued that any of these prior disciplinary actions were discriminatory.

Even assuming that the patient's husband made a racist statement about Harrow during the June 4, 2008, incident, there is nothing in the record to suggest that the Hospital fired her to accommodate the husband's purported racism. See Silver v. N. Shore Univ. Hosp., 490 F. Supp. 2d 354, 365 (S.D.N.Y. 2007) (citing Wigginess Inc. v. Fruchtman, 482 F. Supp. 681, 692 (S.D.N.Y. 1979) ("Employers may not discriminate on the basis of their customers' preferences.")). In fact, the complaint about Harrow was made not by the husband, but by the patient's son in a subsequent telephone call. Moreover, hospital officials never even spoke with the patient's husband about the events of June 4. No reasonable juror could have found that the husband's purported racism was a factor in the Hospital's decision to terminate Harrow's employment. Indeed, the Hospital hired an African-American woman to fill Harrow's position. A reasonable jury could only find that the Hospital fired Harrow for a legitimate, nondiscriminatory reason: her long history of poor performance.

-3-

We have considered all of Harrow's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK